**Cecil Edward BOWER**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare.**

**Civ. A. No. 1222.**

United States District Court
W. D. Virginia,
Roanoke Division.

Nov. 16, 1962.

---

Alex A. Waldrop, Jr., Roanoke, Va., for plaintiff.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for defendant.

MICHIE, District Judge.

This action is brought by the plaintiff to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's application for the establishment of a period of disability and for disability benefits under the Social Security Act.

So far as material to this case "disability" is defined in § 216(i) of the Act (42 U.S.C.A. § 416(i)) to mean "inability to engage in any substantial gainful activity by reason of any *medically determinable* physical or mental impairment which can be expected to result in death or be of long-continued and indefinite duration." (Emphasis supplied.)

In the last paragraph of the brief of plaintiff's counsel, implicitly conceding, as indeed he must, that there is no evidence of any physical disability on the part of the plaintiff, he states the issue in the case as follows:

"Cecil Edward Bower is not a man 'who has chosen to retire without making any effort to obtain work'. He is a man whose mental condition is such that he honestly believes that he is unable to work because of physical limitations. It is this belief—this mental impairment—which renders him unable to engage in any substantial gainful activity and it is respectfully submitted that Defendant's Motion for Summary Judgment should be granted."

If the facts really raised this question it would pose a difficult problem. Stated in another way the question is: "If there is nothing physically wrong with a man that prevents him from working but he honestly believes that there is something wrong and therefore thinks he can't work and won't try, is he disabled within the meaning of the Act?"

Fortunately, as a somewhat limited examination of the authorities provides no conclusive answer to it, I think it is not necessary to reach that question.

The plaintiff has complained for years of heart trouble and arthritis. The doctors can find no physical evidence of either. Dr. James E. Wheless of the Roanoke Valley Medical Clinic after a thorough examination reported as to these alleged conditions as follows:

"So far as eliciting cardiac disease, the history and physical findings are unrewarding. Ancillary investigation, such as chest x-ray, EKG, also reveal no definitative evidence of heart disease in this patient.

"So far as arthritis, there appears to be none present or manifested on physical examination. Again, the ancillary studies in this priemeter are unrewarding, which includes x-rays and laboratory data.

"It is felt, however, that this patient has convenienced himself, possibly over the years, that he is physically disabled. So far as elucidating the psychodynamics and IQ, as well as prognosis so far as mental rehabilitation is concerned, I strongly recommend psychiatric examination."

Pursuant to the recommendation contained in the last paragraph above quoted, the claimant was examined by Dr.

Robert R. Rudolph of Roanoke. Dr. Rudolph's entire report is as follows:

"I examined Mr. Bower on 6/12/61. The history of his symptoms and back trouble are well covered in the report of Dr. James E. Wheless.

"In addition to this history there is a background of family nervous trouble. The mother was nervous most of her life and had a lot of symptoms with her stomach. There is a forty year old brother who also has nervous symptoms with fatigue.

"The patient did not pass his overseas physical in the military service and spent most of his time in the Army as an orderly in a disciplinary barracks.

"On mental examination this man appears to be a passive individual. His stream of talk and mental activity are not impaired. Emotionally he appears to be rather calm while talking about his symptoms. His content of thought at this time is taken up with his symptoms in terms of the diagnosis of arthritis and sinus trouble. He thinks that sinus trouble in 1942 started his so-called arthritis. He says his back gets completely out of fix when he tries to do any lifting. His last regular job was at Johnson-Carper where he left work in 1953, on the account of his back trouble. He has had no long term job since then. He denies being nervous, but is preoccupied with his hip and back pain. He finally talks about being subject to fainting spells. He fainted when he went to the denist to have a tooth pulled one time. He has also fainted occasionally at other times.

"His diagnosis is Passive Dependent Personality. This patient has always been poorly motivated for work, so that his vocational adjustment is considered as inadequate. This type of person is untreatable. His prognosis is stationary."

Under § 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)) the "findings of the Secretary as to any fact, if sup-

ported by substantial evidence, shall be conclusive * * *."

In this case the finding of the Secretary is to the effect that the claimant is not disabled within the meaning of the Act. That finding is supported by the medical findings of Dr. Wheless. Dr. Rudolph was, it is true, testifying to a point not covered by Dr. Wheless. But can it be said that Dr. Rudolph's vague letter above quoted practically in full constitutes a finding of disability which is not contradicted by substantial evidence on the part of the Secretary?

The findings of Dr. Rudolph are not contradicted. But do they constitute a finding of disability? And, if so, is it a "medically determinable disability" which is the required prerequisite to the payment of benefits or the establishment of a period of disability? I do not think so.

Dr. Rudolph is of course in no position to certify to the honesty of the plaintiff's belief in his inability to work—any more than he could certify that it was a dishonest belief. He has simply reported what he could find from the plaintiff's conversation, namely, that "This patient has always been poorly motivated for work, so that his vocational adjustment is considered as inadequate."

It is safe to say that this statement could be made of anyone who dislikes work and refuses to work. There is here no real evidence of any mental impairment such as is assumed by counsel for the plaintiff in the paragraph from his brief quoted above. Precisely the same statement could have been made by Dr. Rudolph of a person who admitted that he just naturally did not like to work and wasn't going to do any work. Such a person is obviously "poorly motivated for work" and "his vocational adjustment" would be "considered as inadequate."

The action of the Secretary in denying disability benefits and the establishment of a period of disability to the plaintiff is supported by substantial evidence and must therefore be affirmed.

An order will be entered accordingly.