**Thomas P. FLEURANT, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of
the Department of Health, Education
and Welfare, Defendant.**

Civ. No. 7–59.

United States District Court
D. Maine, S. D.
Jan. 31, 1963.

Edward L. Caron, Robert Melnick, Biddeford, Me., for plaintiff.

Alton A. Lessard, U. S. Atty., William E. McKinley, Asst. U. S. Atty., Portland, Me., for defendant.

GIGNOUX, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for review of a "final decision" of the Secretary of Health, Education and Welfare affirming the denial by a Social Security Administration hearing examiner of plaintiff's application for the establishment of a period of disability and for disability insurance benefits under the provisions of Title II of the Act. 42 U.S.C. § 401 et seq. It is admitted that plaintiff has exhausted his administrative remedies. In accordance with the statute, the Secretary has filed as part of his answer a certified copy of the transcript of the record including the evidence upon which the findings and decision are based. Both parties have moved for summary judgment, and have filed briefs and presented oral argument in support thereof.

Under the Act, review by this Court is limited to a determination of whether there is substantial evidence in the record to support the findings of the hearing examiner.[1] After reading and considering the entire record in this case, I conclude that the finding of the

1. Section 205(g) of the Act, which prescribes the scope of court review, provides in material part: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405 (g). Plaintiff does not contend that the Secretary failed to apply the standards prescribed by the Act in reaching his conclusion.

hearing examiner that plaintiff failed to establish, as required by the Act, that he was unable, at any pertinent time, "to engage in any substantial gainful activity" by reason of any "medically determinable physical or mental impairment," is supported by substantial evidence.[2]

Without undertaking to recite the entire record in detail, I deem it sufficient for the purposes of this ruling to note the following: Plaintiff's complaint is of a long-standing back condition, a type of complaint which is always most difficult to evaluate, especially when, as here, the significant objective findings are essentially negative. Competent medical evidence in the record was in substantial agreement that although plaintiff's back condition would preclude heavy manual labor, lighter work, which did not involve excessive stooping, lifting, bending or stretching, would appear to be well within his physical capabilities, and that plaintiff's failure to engage in such work was the result, not of any physical or mental impairment, but of his poor motivation and general psychological attitude toward his condition. Dr. Stephen A. Monaghan, an orthopedist, testified that there appeared to be no medical reason why plaintiff could not perform light sedentary work. Dr. Roger Robert, also an orthopedist, who had treated plaintiff over a period of years, expressed the belief that plaintiff's attitude toward his back ailment constituted his biggest problem. Dr. George L. Maltby, a neurologist, indicated that his physical examination of plaintiff was essentially negative and that in his opinion plaintiff would be able to do some type of light work, although he doubted that he would, because of his general psychological attitude toward his condition. Dr. Guy N. Turcotte, the examining psychiatrist, expressed the belief that plaintiff " * * * due to the sequence of events, has seized upon a condition which would take care of him, by virtue of its elusiveness, and I think that he wishes to be cared for as the passive, recipient child." His diagnostic impression was: "Psychophysiological neurological reaction in an emotionally unstable personality."

Certainly, the hearing examiner, as the trier of facts, was entitled to rely upon this evidence, which was uncontroverted other than by plaintiff's unsubstantiated assertions, in finding that while plaintiff could not do heavy manual work, there appeared to be no medical reason why he could not engage in other substantial gainful activity commensurate with his age, education, training and work experience, and in concluding that " * * * [plaintiff's] impairments, considered individually or in combination, are not of sufficient severity to meet the test of 'disability' contained in the Act." As has been indicated, the only issue before me in this case is whether the decision of the Secretary is supported by substantial evidence. Whether or not the Secretary might properly have reached a different result, I cannot say as a matter of law that his decision is not amply supported by the evidence.[3]

2. Section 216(i) of the Act, which defines "disability," provides in material part: " * * * (T)he term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." 42 U.S.C. § 416(i).

3. Because of the essentially factual nature of a disability finding, no consistent pattern appears in the reported cases in which a psychological attitude such as plaintiff's has been a significant factor.

Compare Bower v. Celebrezze, 211 F. Supp. 39 (W.D.Va.1962); Palermo v. Flemming, 1 CCH Unemployment Ins. Rep. para. 14,387, aff'd without opinion, (D.Mass. Apr. 17, 1962) with Englander v. Flemming, 186 F.Supp. 773 (S.D.N.Y.1960); Elledge v. Ribicoff, 1 CCH Unemployment Ins. Rep. para. 14,262, rev'd without opinion, (W.D.S.C. Jan. 4, 1962) and Appelbe v. Flemming, 1 CCH Unemployment Ins. Rep. para. 14,114, aff'd without reported opinion, (D.Mass. Apr. 28, 1961). However, no authority has been found which suggests that lack of motivation, whether taken alone or in conjunction with a physical

The defendant's motion for summary judgment is granted; the plaintiff's motion for summary judgment is denied; and the Clerk shall enter judgment affirming the decision of the defendant Secretary and dismissing the complaint.

IT IS SO ORDERED.

impairment not of itself disabling, is equivalent to a disability as defined by the Act. Cf., Bower v. Celebrezze, supra.