George H. GOODWIN, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of the Department of Health, Education and Welfare, Defendant.

Civ. No. 7-104.

United States District Court
D. Maine, S. D.

June 5, 1963.

Seymour Nathanson, Portland, Me., for plaintiff.

Alton A. Lessard, U. S. Atty., William E. McKinley, Asst. U. S. Atty., Portland, Me., for defendant.

GIGNOUX, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), for review of a "final decision" of the Secretary of Health, Education and Welfare affirming the denial by a Social Security Administration hearing examiner of plaintiff's application for the establishment of a period of disability and for

disability insurance benefits under the provisions of Title II of the Act. 42 U.S.C. § 401, et seq. Both parties have moved for summary judgment.

Under the Act, review by this Court is limited to a determination of whether there is substantial evidence in the record to support the findings of the Secretary.[1] After reading and considering the entire record in this case, I conclude that the finding of the Secretary that plaintiff failed to establish, as required by the Act, that he was unable, at any pertinent time, "to engage in any substantial gainful activity" by reason of any "medically determinable physical or mental impairment," is supported by substantial evidence.[2]

Plaintiff, who was 36 years old at the time of the hearing, has sustained two severe accidental injuries, one a bruised kidney while serving in the Navy in 1945, and the other a fractured skull while working as a lumberman in 1951. From the time of his discharge from the service in 1946 until 1959, when he claimed that his physical complaints made it impossible for him to hold a job, plaintiff worked with fair regularity at a number of unskilled and semi-skilled jobs. At the hearing he testified to numerous general physical complaints, including hernia, spasms in his stomach, swelling in the lower extremities, pain in his back, neck, arms, legs and chest, headaches, morning vomiting, and weakness in grip. All of these he related to his previous accidents. However, the reports of the examining physicians and the hospital records dating back to 1951, without exception, indicated that any physical impairment resulting from these accidents was slight, and that the plaintiff was physically able to work.

The evidence with respect to the plaintiff's mental or emotional condition was somewhat conflicting. While the doctors were in agreement that the plaintiff was not suffering from any mental impairment, Dr. George L. Maltby, the examining neurologist, expressed uncertainty as to whether the plaintiff was malingering or suffering from a severe psychoneurosis. However, psychiatric evaluation failed to support the presence of any psychosis or psychoneurosis. The impressions of the two examining psychiatrists, Drs. Guy N. Turcotte and Frank S. Broggi, were that the plaintiff's problems stemmed from a general, or personality, inadequacy, and that the plaintiff was using his symptoms to avoid the stresses of reality with which he was unable to cope. There is no question but that the hearing examiner was entitled to accept the opinions of the examining psychiatrists and to rely upon this evidence in finding that the plaintiff was not suffering from a disabling mental condition, within the meaning of the Act.[3]

As has been indicated, the only issue before me in this case is whether the decision of the Secretary is supported by substantial evidence. Whether or not the Secretary might properly have reached a different result, I cannot say as a matter of law that his decision is not amply supported by the evidence. Cf. Fleurant v. Celebrezze, 213 F.Supp. 817 (D.Me.1963).

The defendant's motion for summary judgment is granted; the plaintiff's motion for summary judgment is denied; and the Clerk shall enter judgment affirming the decision of the defendant Secretary and dismissing the complaint.

It is so ordered.

---

1. Section 205(g) of the Act, which prescribes the scope of court review, provides in material part: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g).

2. Section 216(i) of the Act, which defines "disability," provides in material part: "* * * (T)he term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." 42 U.S.C. § 416(i).

3. 20 C.F.R. §§ 404.1502 and 404.1519.